FILED

07/28/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0370

DA 25-0370

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 174N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

TREY MILLER,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DC-24-77
Honorable Matthew J. Cuffe, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Kelli A. Cummings, KA Cummings, Law, PLLC, Great Falls,
Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Thad Tudor, Assistant
Attorney General, Helena, Montana

          Marcia Boris, Lincoln County Attorney, Lauren O'Neill, Deputy
County Attorney, Libby, Montana

Submitted on Briefs:  July 1, 2026
Decided:  July 28, 202

Filed:

_____
Clerk

Justice Katherine M. Bidegaray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Trey Miller appeals the March 2025 judgment and sentence of the Montana Nineteenth Judicial District Court, Lincoln County. Specifically, Miller challenges the imposition of $13,938 in restitution payable to the Montana Department of Labor and Industry Unemployment Insurance Division (UID). Miller contends that the State did not provide proper, sufficient evidence to support this restitution amount.

¶3 On July 9, 2024, the State charged Miller by information with one count felony theft (§ 45-6-301, MCA) and one count felony false claims to public agencies (§ 45-7-210, MCA) based on allegations that, in 2020, Miller misrepresented his income amount to UID and knowingly received $13,938 in overpayment of pandemic unemployment assistance benefits. UID investigated Miller's conduct and provided the State a copy of its February 21, 2024 "Investigation Report" wherein the investigator detailed UID's investigation efforts, findings, and determined loss—$13,938 in overpayment and $6,969 in penalties ($20,907 total). The State attached a single-page "synopsis" from the Investigation Report stating the loss amount to its probable cause affidavit supporting the information.

¶4     In late December 2024, Miller executed a plea agreement, agreeing to plead guilty to both charged offenses in exchange for an agreed deferred-sentence sentencing recommendation. The plea agreement also provided that Miller

> shall pay restitution in an amount to be determined at sentencing. The State anticipates this amount to be $13,938.00.

¶5     On January 27, 2025, the District Court accepted Miller's guilty pleas and adjudicated him guilty of both felonies. The court ordered a PSI. The February 25, 2025 PSI identified and recommended restitution payable to UID in the amount of $20,907 plus other administrative fees. The PSI also included the entire February 2024 UID Investigation Report which was signed by the investigator but not sworn.

¶6     At sentencing on March 24, 2025, the parties clarified for the court that the State was seeking only $13,938 in restitution and not the PSI-recommended penalties, as per the plea agreement. However, Miller objected to imposition of restitution on the grounds that the State had not offered an affidavit or testimony in support of the claimed pecuniary loss. The State countered that the plea agreement and PSI both established the "agreed" $13,938 restitution amount. The District Court agreed, sentencing Miller to two, consecutive 5-year deferred sentences pursuant to the joint sentencing recommendation and imposing $13,938 in restitution payable to UID.

¶7     Miller appeals imposition of restitution on the grounds that the State did not establish the victim's pecuniary loss pursuant to § 46-18-242, MCA (2019).[1] We review

---

[1] All references to sentencing statutes herein are to the 2019 versions.

3

the legality of restitution de novo and any underlying factual findings in support for clear error. *State v. Cleveland*, 2018 MT 199, ¶ 7, 392 Mont. 338, 423 P.3d 1074.

¶8 Section 46-18-241(1), MCA, provides that "a sentencing court shall, as part of the sentence, require an offender to make full restitution to any victim who has sustained pecuniary loss." *See also* §§ 46-18-201(5), -243(1), (2), MCA. To establish a restitution obligation, the victim must attest under oath either by affidavit or testimony as to the victim's personal pecuniary loss. *Cleveland*, ¶ 12; *State v. Dodge*, 2017 MT 318, ¶¶ 9-13, 390 Mont. 69, 408 P.3d 510. The victim's affidavit may or may not be included in a PSI but, if not by affidavit, the victim must provide testimony at sentencing. Section 46-18-242(1)(b), (2), MCA; *Dodge*, ¶¶ 11-13; *Cleveland*, ¶¶ 9, 12. An invoice, ledger, or other documentation of the victim's loss not made under oath, even if attached to a PSI, is not evidence of pecuniary loss and cannot alone support a restitution award. *Dodge*, ¶ 10.

¶9 The State did not offer an affidavit of UID's loss, either in the PSI or separately, or offer evidence of UID's loss through testimony at sentencing. The State nevertheless contends that the UID Investigation Report was compiled by an investigator with personal knowledge; a segment of that report was attached to the prosecutor's probable cause affidavit in support of the information; Miller was aware that he received $13,938 in overpayments; Miller agreed in the plea agreement to pay restitution in the anticipated amount; Miller pleaded guilty to offenses where the aggregated overpayment amount exceeded $5,000; and Miller endorsed the accuracy of the claimed loss. First, Miller did not agree in the plea agreement to pay restitution in the anticipated amount; he agreed to

4

pay restitution "in an amount to be determined at sentencing." Second, even if all true, none of these other facts satisfies the requirement of § 46-18-242, MCA, that a victim's pecuniary loss be established by sworn affidavit or testimony.

¶10 The District Court's restitution award did not comply with the requirements of § 46-18-242, MCA, because it was not supported by reliable, substantial evidence and was therefore error. *Cleveland*, ¶ 18; *Dodge*, ¶ 15. We reverse the portion of the District Court's March 2025 judgment ordering Miller to pay $13,938 in restitution to UID and remand to the District Court for rehearing on restitution during which the court must require evidence of UID's pecuniary loss consistent with § 46-18-242, MCA, and this Opinion.

¶11 We decide this case by memorandum opinion pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶12 Reversed and remanded.

/S/ KATHERINE M. BIDEGARAY

We Concur:

/S/ CORY J. SWANSON
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ LAURIE McKINNON